IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOHNNY MOLINA

Plaintiff

vs                                                      CIVIL 08-1790CCC

COMMISSIONER OF SOCIAL SECURITY

Defendant

## OPINION AND ORDER

This is an action filed pursuant to §205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g), to review a final decision of the Commissioner of Social Security denying plaintiff Johnny Molina disability benefits under the Act.  This section provides, inter alia, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing" and that "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."

Having reviewed the transcript of the administrative hearing, medical records and evidence, we find, for the reasons set forth below, that the Commissioner's final decision is not supported by substantial evidence on the record as a whole, and we therefore **REVERSE** the decision and REMAND the action for the calculation of benefits as stated below.

Plaintiff Johnny Molina was forty-six years old at the time of the August 4, 2006 hearing before the Administrative Law Judge (ALJ).  He had a high school education and had last worked as a municipal guard.  His previous employment was as a machine operator at a textile factory.  Plaintiff met the insured status requirements of the Social Security Act through June 30, 2007.  Although his application for disability benefits is based on both physical and mental impairments, the evidence does not support his physical disability claim.  Therefore, the Court limits its discussion to his mental condition.

CIVIL 08-1790CCC                              2

     According to the report of his treating psychiatrist, Dr. Judy Rivera-Rivera, (Rap.283-

292)[1] Molina began his treatment with her on March 30, 2005 and was still her patient when

she wrote the report on August 3, 2006.  By this date he had attended sixteen appointments

with her.  Dr. Rivera indicated that he had received prior psychiatric treatment at the A.P.S.

Healthcare Center in Naranjito, Puerto Rico for approximately two years, starting in 2003.

She also noted that his prior treating psychiatrist had given him medications as well, which

she continued to prescribe.

     Dr. Rivera's report made reference to Molina's having informed her of his auditory

hallucinations, specifically, a telephone ringing, visual hallucinations and crying spells.

Regarding these matters, plaintiff testified at the August 4, 2006 hearing as follows:

Q: Do you hear voices [inaudible]?

A: Yes, sometimes yes, sometimes.

Q: What do you hear?

A: They are calling me or I hear a phone ringing from far away and it never stops ringing.

Q: Do you hear this during the day or night?

A. I hear that all the time. If I'm awake, it's all the time.

(Hearing transcript, Rap. 303-304.)


Q: Do the medicines that you take give you any problems or secondary effects?

A: Well–

Q: Sorry?

A: Well, I cry a lot.

(Id., Rap. 306-307.)

---

     [1]The Record Appendix citations will be referred to as (Rap.__).

CIVIL 08-1790CCC                                    3

In response to the question as to why he could not work, after giving reasons based on his physical impairments, plaintiff narrated symptoms of his mental impairments: "I feel depressed." "I don't have any stamina, I am always tired." [Rap. 300-301.] He also indicated that he takes sleeping pills.

Dr. Rivera described Molina's behavior at his regular appointment: "Today the patient refers: isolation, little interest in interacting with other people, 'hysterical,' 'nervous,' auditory hallucinations of a telephone ringing and someone talking to him, he sensed 'bad intentions' toward his person(sic), 'overwhelmed' sexual dysfunction." [Rap. 283.] She found his tolerance to stress extremely poor. Her mental exam reflected that "he is alert, hypoactive, there is no sign of tremors, occasional visual contact, dependant on his wife who frequently answers questions for him. His posture is that of indifference and lack of interest during the interview." [Rap. 284.]

Dr. Rivera further described Molina as dependant, withdrawn and apathetic, with a blunted affect, conforming to his mood, which she described as depressive. She found his thought process to be logical, coherent and relevant, with little spontaneity--he does not express ideas–and his flow of thought was adequate, but scant. He had poor attention as well as poor recent and remote memory. [Rap. 284-5.]

Although he had made no suicidal attempts in the past or at the present time, he had frequent suicidal thoughts. He did not express any homicidal ideas, obsessions or feelings of panic. Id.

Dr. Rivera's diagnosis of his mental condition, according to the DSM IV-TR, was "Severe Major Depression with Psychotic traits, single episode." She further commented, with regard to his depression:

> Mr. Molina has a history of recurrence since 2003 approximately, which leads to a long term illness because he has not presented a total remission of the symptoms up to the present. Mr. Molina does not have the capacity to work because the signs and the symptoms of his disease represent a high degree of dysfunction.

CIVIL 08-1790CCC                          4

[Rap. 286.]

In her Medical Source Statement of Ability to Do Work-Related Activities (Mental), at pages 289-90, Dr. Rivera found that Molina's ability to understand, remember, and carry out instructions were markedly and extremely affected by his impairment.

In rejecting Dr. Rivera's assessment and opinion, the ALJ stated:

> . . . it is not given controlling weight because it is not consistent with her own findings and the other psychiatric reports on the record, nor with the followup notes from all of the other physicians who have treated claimant. As to Dr. Rivera's statement that the claimant is unable to work, i.e. disabled, it is not given any special weight because the determination of disability is reserved to the Commissioner. (20 C.F.R. 404.1527(e)).

Id., at 30.

Dr. Rivera's findings, contrary to what is stated, are not in conflict with "the other psychiatric reports." There is only one other report, by psychiatrist Dr. Edelmiro Rodríguez, (Rap.216-18) to whom the claimant was specifically referred for a single evaluation. This evaluation was done on January 26, 2004; more than a year before his first appointment with Dr. Rivera. The Mental Residual Functional Capacity Assessments dated March 3, 2004 (Rap.230-249) made by psychologists Orlando Reborda, and Jeanette Maldonado are based either on a review of an unidentified record from that period, if any existed, or simply on Dr. Rodríguez' evaluation made shortly before their review, and likewise, a year before Molina began treatment with Dr. Rivera.

The record also identifies Drs. Edwin Burgos and Félix Rivera of A.P.S. Healthcare in Naranjito, Puerto Rico, as having provided plaintiff with psychiatric treatment in 2003 and 2004 (Rap.168-169). There is, however, only one page of A.P.S. Healthcare progress note, containing only a one paragraph entry (Rap. 214-15), and no psychiatric reports from either of these doctors.

Therefore, aside from Dr. Rivera's report, which covers the period beginning March 30, 2005, the record as to Molina's mental impairment prior to that date contains only the

CIVIL 08-1790CCC                                    5

one-paragraph progress note, consulting psychiatrist Dr. Rodriguez' evaluation, two checkmarked assessments from the psychologists, and no report from a psychiatrist or psychologist who actually treated Molina.  There being insufficient evidence from the period prior to March 30, 2005, we use that date as the onset of his mental disability and not the 2003 date which plaintiff claims,

In sum, the ALJ's reason for not giving controlling weight to Dr. Rivera's report–that it is not consistent with the other psychiatric reports in the record, nor with the followup notes from all of the other physicians who have treated claimant–is a complete misstatement of the evidence.  As the record reflects, there is a lapse of over a year between the earlier psychiatric evidence and the date on which Dr. Rivera began treating the plaintiff, as reflected in her report.  Therefore, we find no inconsistencies between the two, inasmuch as they cover entirely different periods of time.

Additionally, the ALJ's assessment, as reflected by his statement, "As to Dr. Rivera's statement that the claimant is unable to work, i.e. disabled, it is not given any special weight because the determination of disability is reserved to the Commissioner," is erroneous.  Dr. Rivera's medical findings on Molina's mental condition, as contained in her report, are undisputed and substantial evidence of his disability since March 30, 2005.  The fact that the Commissioner makes the final determination of disability does not diminish the weight of the report nor of her opinion as evidence, or relieve the Commissioner of his duty to give them the consideration they merit.

For the above-stated reasons, we find that, having reviewed the record as a whole, there exists substantial evidence that plaintiff Johnny Molina's has been disabled on the

CIVIL 08-1790CCC                                    6

basis of his mental impairment since March 30, 2005. We therefore REVERSE the decision

of the Commissioner, and REMAND for computation of benefits as of that date.

SO ORDERED.

At San Juan, Puerto Rico, on February 27, 2009.


S/CARMEN CONSUELO CEREZO
United States District Judge